## WILLIAMS BROTHERS v. DAVIS.

1. **Contract: PRINCIPAL AND AGENT: SALE.** Where a contract provided that a party should act as the agent of another for the sale of machines, paying a stipulated price for whatever he received, and that if any remained unsold at the end of the season he should give his note therefor and if the right was not continued another season the machines unsold should be returned, *held*, that the agent acquired no title to the machines received under the contract and that a sale of them to him was not contemplated by the parties.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 10.

ACTION of replevin to recover the possession of forty-two horse rakes. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*J. B. Young*, for appellant.

*E. Latham*, for appellee.

BECK, J.—I. The plaintiffs claim, in their petition, the absolute ownership and the right to the present possession of

the property in controversy, and allege that defendant obtained possession of the rakes under a pretended purchase from one Stinson, who, it is averred, had no right to dispose of the property by sale to defendant, and was not the owner thereof. It is also charged that defendant had notice of plaintiff's rights to the property, and that the pretended sale was for the purpose of defrauding them.

The defendant admits in his answer that he acquired the possession of the property from Stinson, and alleges that it was by a good faith purchase and that Stinson was the owner of the rakes and had full authority to sell them to defendant. Upon the trial the plaintiffs were permitted, against defendant's objection, to introduce in evidence the following contract, under which, it was shown, defendant acquired possession of the rakes:

1. CONTRACT: principal and agent: sale.

" *To all whom it may concern:*

"Be it known, that we, Williams Bros., of Ithaca, N. Y., manufacturers under patent rights of the Ithaca wheel rake, and planter, and grain sower, have granted and do hereby grant to Alfred Stinson, of Marion, Linn county, Iowa, the sole right and privilege of selling (and appointing agents to sell) the above mentioned machines in and for the following territory, to-wit: The counties of Linn, Benton, Jones, Johnson, Cedar, Tama and Buchanan, in the State of Iowa, for the coming season, and do warrant said machines, with reasonable care and usage, to work well for one year.

"In consideration of which right said Alfred Stinson hereby agrees to order for sale during the season of 1875, in said territory, not less than one hundred and forty rakes and three sowers, and to pay for the same at twenty-nine dollars each for rakes, and sixteen dollars for sowers, delivered at Milwaukee by the 1st day of November next. Or in case any of said machines remain unsold at that date, to give his note, or other satisfactory notes, due by Oct. 1, '76, without interest, in full payment for such unsold machines, and in case the above mentioned rights are not continued for the season of 1876 said Williams Bros. hereby agree to accept said machines (if in

good condition) in full payment of said notes, and to refund all actual payments for freight on the same.

"Dated this 28th day of April, 1875.

"WILLIAMS BROS.

"ALFRED STINSON."

The ground of defendant's objection to the instrument was that it did not show the ownership of the property to be in plaintiffs. The like view of the instrument was expressed in an instruction which he requested the court to give to the jury. The court below, however, held differently and instructed the jury that, under the contract, plaintiffs held the title of the rakes. These several rulings, based upon the construction of the contract, as given it by the District Court, are made the ground of separate errors assigned by defendant. They may be properly considered together, as they rest upon the same question.

II. We are of the opinion that the construction of the instrument adopted by the District Court is correct. The purpose of the contract is to confer the right and authority upon Stinson to sell the goods mentioned, which were to be supplied by plaintiffs. The last paragraph of the contract makes no provision for the payment for the rakes upon an absolute sale. Indeed, it clearly appears that no such sale was intended, for Stinson retained the right to return the rakes to plaintiffs in case of the termination of his agency. The notes to be given by Stinson were for such machines as remained unsold at the end of the season. If it be admitted that, upon the execution of notes by Stinson for rakes remaining unsold, they would become his property, this will avail defendant nothing, for it does not appear that the rakes involved in this suit come under that description, or that notes had been given for them. We are, however, well satisfied that the whole contract, considered together, cannot be interpreted to imply that the title of the goods delivered to Stinson vested in him.

III. The defendant moved for a new trial on the ground of newly discovered evidence. The motion was correctly overruled, for the reason that no showing was made of the precise character and materiality of the evidence. No other

questions arise in the case.  The judgment of the District
Court is

AFFIRMED.