TIMOTHY TUFTS *vs.* GEORGE A. TAPLEY & others.

Suffolk. March 22. — Sept. 10, 1880. AMES & LORD, JJ., absent.

A. conveyed land to B. and took an agreement from him by which he was to reconvey the land on the performance by A. of certain conditions in a certain time. B., after this time had expired, sold the land to C., who made expensive improvements on the land. C. did not have actual knowledge of the agreement between A. and B.; and A., though he knew of the sale, did not disclose his interest in the land, and by his conduct and statements induced C. to believe that B. had a right to sell. *Held,* that, even if the relation between A. and B. was that of mortgagor and mortgagee, A. was not entitled to the aid of a court of equity to enable him to redeem.

BILL IN EQUITY, filed March 22, 1879, against George A. Tapley, Amos Tarleton and Lewis B. West, alleging that, on April 1, 1859, the plaintiff, who then owned certain parcels of land in Chelsea, conveyed the same, by deed absolute in form, and recorded on March 2, 1861, to Tapley, subject to two mortgages, one to Samuel Bigelow for $9000, and the other to said Tapley for $10,000; that, at the time of the deed to Tapley, the plaintiff and Tapley executed an agreement under seal, dated April 1, 1859, and duly recorded on July 20 of that year, by the terms of which Tapley agreed with the plaintiff to procure the extension of the mortgage of $9000, which was then due, to take the superintendence of a hotel on the land conveyed, at a salary of $600 a year, to receive all moneys paid by the customers of the hotel, pay the expenses of keeping the same, and out of the net receipts pay taxes, insurance and interest on the mortgages, and the principal of the mortgage for $9000. The agreement further provided that, as soon as the last-named mortgage was paid, Tapley should reconvey the premises to Tufts subject to the mortgage for $10,000; that Tufts might at any time pay the mortgage for $9000, or furnish a guaranty to Tapley that it should be paid, and thereupon the estate should be conveyed to Tufts; that " in case said receipts shall not be sufficient to pay said mortgage as hereinbefore provided within three years and six months from this date, and said Tufts shall fail to pay the same during that time, then this agreement shall become null and void, and said Tapley, his heirs or assigns, shall hold said estate absolutely."

The bill further alleged that Tapley, on June 22, 1864, conveyed the estate to the defendants Tarleton and West free of all incumbrances except the mortgage of $9000 to Bigelow; that this mortgage and the mortgage to Tapley had been paid out of the profits of the hotel; that Tarleton and West were in the employ of Tapley at the time the plaintiff conveyed the estate to Tapley, and remained in his employ until they purchased the estate, and were cognizant of all the relations between the plaintiff and Tapley.

The prayer of the bill was for an account; and that the plaintiff be allowed to redeem the estate.

Annexed to the bill were copies of the deeds and mortgages, and of the agreement between the plaintiff and Tapley, and annexed to this agreement was an assignment of the same by the plaintiff to Emerson Wheeler, dated July 20, 1859, and recorded the same day.

The defendant Tapley filed an answer admitting the execution of the deed and agreement, and averring the non-performance of the conditions of the agreement by the plaintiff; and also pleaded the statute of limitations. The other defendants filed an answer denying that they knew of the agreement between the plaintiff and Tapley until long after their purchase of the estate, and set up certain representations made to them by the plaintiff at the time of their purchase and afterwards.

The case was heard on the pleadings and proofs, by *Morton,* J., who ordered a decree to be entered dismissing the bill; and the plaintiff appealed to the full court. The nature of the evidence, so far as material to the point decided, appears in the opinion.

*E. R. Hoar & A. R. Brown,* for the plaintiff.

*E. Merwin,* (*C. W. Bartlett* with him,) for the defendants.

SOULE, J. It is unnecessary for us to decide the question, which was much discussed at the argument, whether the deed from the plaintiff to Tapley, with the contract between Tapley and the plaintiff, constituted a mortgage, or an absolute conveyance and a contract for a repurchase on conditions which were not fulfilled by the plaintiff. If the sale was absolute, the plaintiff has lost all rights under the contract for a reconveyance, by failing to pay the amount called for by its terms within the time specified.

*Flagg* v. *Mann*, 14 Pick. 467. 2 White & Tudor Lead. Cas. Eq. (4th Am. ed.) 1995, and cases cited. If the transaction was a mortgage, it has never been foreclosed by any formal proceedings which have been proved, but the plaintiff is not entitled to redeem. The defendants Tarleton and West purchased the land described in the bill, in good faith, from the defendant Tapley, supposing that he had the absolute title and the right to convey it, and without notice. that the plaintiff had any right in the premises. They bought it nearly fifteen years before the filing of the plaintiff's bill, and have ever since occupied the premises as owners, and have expended in improvements on it a sum nearly or quite equal to the purchase money. Some eight, ten or twelve years ago, the plaintiff expressed to the defendant Tarleton his satisfaction in the fact that Tarleton and West had got the property, so that Tapley would never get any benefit out of it. This statement was inconsistent with the idea that the title of Tapley and of the defendants, his grantees, was that of mortgagees only, because a mortgagee is not entitled to any benefit from the property mortgaged except as security for his debt. The plaintiff did not at this time assert any claim to or interest in the premises. His conduct was of a nature to confirm Tarleton's belief that the plaintiff had ceased to have a right to a reconveyance of the property, before the sale by Tapley. Relying on the assurance of Tapley at the time of the sale, and on the impression conveyed by the conversation of the plaintiff, Tarleton and West made large outlays in improving the premises; and some six or eight years after the conversation already referred to, the plaintiff in a conversation with Tarleton commended the improvements, and expressed surprise that they had not been made before. This is wholly inconsistent with the idea that he regarded the defendants as mere mortgagees, as nothing could be more unwise on the part of mortgagees than to expend money in making improvements on the mortgaged property, because they would not be entitled to exact compensation therefor, in case of payment of the mortgage debt and extinguishment of the mortgage.

If, therefore, we assume that Tapley was a mortgagee only, and could not convey a valid title as against the plaintiff's right to redeem, the conduct of the plaintiff, who knew of the

purchase by the defendants Tarleton and West, in concealing his title from them, and giving them reason to infer that he had no interest in the premises, and to believe that their title was perfect against him, followed by large outlays by the defendants in permanent improvements on the property, estops him to set up his right to redeem the mortgage. Though his right to redeem remains as an existing estate, on paper, a court of equity will not under such circumstances aid him to redeem the land from the mortgage, to the great injury of the innocent tenants of the premises. He will not be allowed to profit by their mistakes, caused by his misrepresentations and concealment. *Fay* v. *Valentine*, 12 Pick. 40. *McSorley* v. *Larissa*, 100 Mass. 270.

We have discussed this question as if the paper title, under which the plaintiff claims, had been in him all the time since the agreement was made in 1859, because we are satisfied on the evidence that the conveyance by the plaintiff to Wheeler was colorable merely, and that the paper title was held by Wheeler for the benefit of the plaintiff.        *Decree affirmed, with costs.*