### WILLIAM BACON

*vs.*

### ERASTUS COTTRELL.

A mortgagee can not tack to his mortgage any debt not secured thereby, and require its payment by the mortgagor as a condition to his right to redeem.

In a suit to foreclose a mortgage commenced before the general statutes went into effect, it is a matter within the discretion of the Court, either to order a sale of the mortgaged premises, or a strict foreclosure; but the former course should in all cases be pursued when it is not apparent that justice and equity require the latter.

On redemption, ordinarily, a mortgagee is not entitled to compensation for lasting improvements made by him while in possession; but when he has made such improvements, supposing himself to have acquired the absolute title, and when the course pursued by the mortgagor in the premises favored such mistake, the latter on coming into a court of equity to redeem will be compelled to pay the value of the improvements.

Bacon v. Cottrell.

This action was brought in the District Court for Le Sueur county, to vacate and set aside the foreclosure of a certain mortgage; the recovery of the mortgaged property from the purchaser under such foreclosure; for an accounting for the use of the premises, &c. The cause was tried before a referee, who found, among other things, substantially the following facts : On the 18th day of July, 1857, the plaintiff executed to one Jeremiah Horne a mortgage covering 160 acres of land, situated in said county, to secure the payment of three hundred and ninety dollars, in one year. On the same day the mortgage was left for record with the register of deeds of said county, and was certified on the back thereof, by said register, to have been recorded of that date. In the record made by the register, the whole of the granting clause was omitted. The mortgage contained a power of sale, waiver of redemption, &c. Horne assigned the mortgage to the defendant, and the assignment was duly recorded. Both the principal and interest of the mortgage debt are unpaid. The defendant foreclosed the mortgage by advertisement. The sale took place April 22, 1861, and defendant was the purchaser. The only irregularity in the proceedings was the omission in the record. The defendant was in possession of the premises at the time of the sale. He subsequently made permanent improvements thereon in building fences, setting out hedges, digging a well, cellar, &c., of the value of $235. These improvements were made in good faith by the defendant, and in the belief that he had the title. The plaintiff laid by with knowledge that defendant was making them, and did not bring his suit until more than three years after the foreclosure. The defendant has occupied the premises since the foreclosure, and the rent is worth $60 per year.

The plaintiff also executed a mortgage on 80 acres of said lands, on the 18th day of July, 1867, to Charles N. Pinney,

to secure the payment of $248, one year from said date, on which $86 was paid April 24, 1862. The balance remains unpaid; this mortgage was also duly assigned to the defendant, and the mortgage and assignment duly recorded.

The answer, among other things, asked for a strict foreclosure of these mortgages.

The referee found, as conclusions of law, among other things, substantially—that the foreclosure was irregular and void; that the plaintiff, on or before a certain day fixed by the referee, pay to the defendant the amount then due on both of said mortgages, and the value of the permanent improvements aforesaid, deducting therefrom the amount found as the value of the use of the premises, or that he should be forever barred and foreclosed of all right and equity of redemption in and to the premises described in said mortgages. The plaintiff made a motion to set aside the report of the referee, and for a new trial. The Court granted the motion, and the defendant appeals from the order granting the same, to this Court.

SWAN & BANGS for Appellant.

A. G. CHATFIELD for Respondent.

*By the Court*—WILSON, Ch. J.—We think the order appealed from should be affirmed. The referee erred in requiring the plaintiff to redeem the Pinney mortgage, as a condition on which only, he would be permitted to redeem that made to Horne. It being settled that a mortgage is a mere lien, or security for the debt, of course the mortgagor's right to redeem remains until it is barred by the statute of limitations, or by some affirmative action of the mortgagee, and the debt being the principal thing, its payment must cancel the mortgage, which is a mere incident. It is, therefore, provided by our

statute, (*Comp. Stat.*, 401, *sec.* 39) that if a mortgagee, after performance of the condition of the mortgage, *whether before or after the breach thereof*, shall refuse to discharge the same, he shall be liable to the mortgagor in damages.

The mortgage made to Pinney only covers one-half the land embraced in the one given to Horne, and the effect of the decision of the referee is to hold all the land included in the latter, for the money secured by both. This decision is in analogy to the doctrine of tacking, and, it is argued, can be sustained on the principle, that he who seeks equity, must first do equity, and it is supported by many of the earlier cases, at least. See *Story's Eq.*, *sec.* 1023, *note* 5 ; 1 *Hill on Mortgages*, *chapter* 12.

The force of this maxim of courts of equity, in cases of this kind, is not very apparent to us. Its practical workings, we think, would be to enable the lender to oppress the borrower, and to embarrass the right of redemption. It is said, too, that the modern cases have altered the law on this subject, and that the mortgagee cannot tack his bond, or debt, in any case against the mortgagor. 1 *Pow. on Mort.*, 398-399 ; but however this may be at common law, our statute clearly recognizes the right of the mortgagor to redeem on payment of the mortgage debt, and interest, and such tacking, therefore, is not allowable in this state.

As the case goes back for a new trial, there are other questions which were argued that we think it proper to pass upon. The respondent insists that the referee had no right to order a strict foreclosure. This view is not supported by the decisions of this Court. See *Heyward vs. Judd*, 4 *Minn.*, 485. As the General Statutes do not affect any action or proceeding had or commenced in a civil case before their enactment, this case is governed by the laws in force before August, 1866, under which it was within the discretion of the Court

to grant a strict foreclosure. It may be proper to add that we think a sale should in all cases be ordered, unless it is apparent that justice and equity require a strict foreclosure.

It is argued that the referee erred in allowing the defendant the value of the permanent improvements by him made on the mortgaged premises. It is the rule that ordinarily a mortgagee in possession is not entitled to any allowance for such improvements, but we think this case is an exception to the rule.

The plaintiff charges in the complaint that the defendant, " ever since the fall of 1861, and the said harvest and division of the crops of that year, claimed and insisted, and still does claim and insist, that he, the said defendant, is the exclusive owner of the said' premises and the whole thereof, and not in any manner liable and responsible to this plaintiff for the possession, use, occupation, or rents, issues, and profits thereof. And the defendant has ever since the time last aforesaid disclaimed, and still does disclaim, to hold or possess the said premises under or in any manner subject to this plaintiff, and has insisted, and still does insist, that he is the absolute and unqualified owner and possessor thereof, in fee, under and by virtue of the said mortgage and the said pretended foreclosure thereof." The referee finds that the " defendant made them (the improvements) in good faith, and under the belief that he had a title. The plaintiff reaps the benefit of them. He laid' by with knowledge that the defendant was making them, and did not bring his suit until more than three years after the foreclosure." The defendant cannot be charged with gross negligence, for the error, which it is admitted makes void the foreclosure, is one that might have been overlooked by a prudent and cautious man ; and the plaintiff's acts were calculated to mislead him, or at least to cause him to believe that the validity of the foreclosure was not to be questioned.

Under these circumstances we think it would·be most inequitable and unjust to give to the plaintiff the benefit of the lasting improvements without requiring him to make to the defendant any compensation therefor. A plaintiff seeking equity must do equity. A court of equity will not order a plaintiff relief which he cannot conscientiously ask, and which it would be injustice to the defendant to grant. The case falls within the rule laid down in *Mickles vs. Dillage*, 17 *N. Y.*, 80.

Whether the hedge, cellar and wall are lasting improvements, and if so, of what value, it was for the referee to decide.