FRANCIS McSORLEY *vs.* PHILIP LARISSA & others.

In a suit in equity to redeem land from a mortgage, a purchaser in good faith, for a valuable consideration, of a part of the land, from the mortgagee in possession, and with the assurance that he gave a perfect title, is to be regarded as an equitable assignee of the mortgage to the extent of the purchase money; and, as holding the land by a title which he had reason to believe good, is entitled to allowance for improvements made by him thereon, although consisting of new structures.

BILL IN EQUITY against Philip Larissa, Charles H. Alison and Quincy A. Hooper, to redeem a parcel of land from a mortgage given by the plaintiff to Russell A. Dennison, and by him assigned to Larissa after entry for breach of the condition of the mortgage and for the purpose of foreclosure.

In the superior court, a decree was entered declaring the plaintiff's right to redeem against all the defendants; and the case was sent to a master to state the account between the parties, who reported a balance as due to Larissa, but no allowance as due to either Alison or Hooper for improvements made by Alison on a part of the land, no claim therefor having been made by either of them before the master inasmuch as they were negotiating with the plaintiff for an adjustment and with that view had made him a proposition of which they did not ascertain his rejection until after the master's report was filed. Larissa took no exception to the master's report; but Alison and Hooper moved for a recommitment. This *Lord,* J., refused, ruling, and refusing only on the ground of such ruling, that their claim, if proved, was one of which the master should not take an account, it being not for repairs but for a new structure on the mortgaged premises. To this ruling Alison and Hooper alleged exceptions; and appealed from the decree The case is stated in the opinion.

*J. Daggett & G. E. Williams,* for Alison and Hooper.

*E. Ames,* for the plaintiff.

HOAR, J. The equity in favor of the defendants Alison and Hooper is so clear and so strong, that it must prevail unless there is some settled rule of law or course of practice inconsistent with it.

The plaintiff, a mortgagor, brings his bill to redeem against Larissa, the assignee of the mortgagee, and makes parties defendant, Alison, to whom Larissa had conveyed by a quitclaim deed a lot of half an acre, part of the mortgaged premises; and Hooper, to whom Alison had mortgaged the same lot, as security for the payment for materials used in building a house upon it. Alison and Hooper now claim to be allowed for the value of the improvements made upon the land, under the provisions of the Gen. Sts. *c.* 134, § 19.

There can be no doubt that a mortgagee in possession is not usually entitled to allowance, in a suit for redemption, for improvements made upon the mortgaged estate. If the mortgagor has known and encouraged the making of such improvements. giving the mortgagee assurance and reason to believe that he would not redeem, this might be a bar to the right of redemption. *Fay* v. *Valentine,* 12 Pick. 40.

But Alison and Hooper do not stand upon the mere right of a mortgagee in possession. Their title was not acquired as an assignment of a mortgagee's interest. The statement of facts before us finds that Larissa took an assignment from the mortgagee, who was in possession for the purpose of foreclosure after condition broken; that the mortgagor had left the country under such circumstances as to give some reason to suppose that he did not intend to return, and that he had abandoned all intention of redeeming the estate; that Alison, who was a stranger, found Larissa in the unquestioned possession of the estate, professing to have an absolute title, and was assured by him that he could convey a perfect title; and that he purchased the half an acre in good faith, for an adequate consideration, believing that he got a good title. It is obvious that he did not take a transfer of any part of the mortgage debt.

It has been sometimes suggested that a conveyance by a mortgagee of a part of the mortgaged estate may be void; though it is difficult to see how, as a mere transfer of legal title, this can be so. *Wyman* v. *Hooper,* 2 Gray, 141. But there can be no doubt that Alison and Hooper were rightly made parties to the suit for redemption. Gen. Sts. *c.* 140, §§ 13, 14, 28, 31.

And being made parties, their equitable rights are to be ascertained, in order that there may be a complete settlement, which shall adjust finally the whole subject in controversy between all the parties in interest. It was held by Judge Story that the right of a purchaser in good faith for a valuable consideration, who had made costly improvements upon land, to be allowed for them against a paramount title, could be supported upon general principles of equity without regard to statute provisions. *Bright* v. *Boyd*, 1 Story, 478; 2 Story, 605. In New York, although Chancellor Walworth denied the full extent of the doctrine, yet he asserted that it would be applied by a court of equity whenever the owner of land was obliged to invoke the aid of a court of equity to maintain his title against a person who had acquired a legal title in good faith. *Putnam* v. *Ritchie*, 6 Paige, 390. And we can have no doubt that, whether there is any general equitable jurisdiction or not in favor of such a purchaser, a court of equity will at least apply the rule to the full extent to which it would be carried, if the suit were at law, under the statute of betterments; and as, in the case at bar, the defendants would have been entitled to an allowance for improvements in defence of a writ of entry, they are not to be deprived of the same advantage where the plaintiff is obliged to resort to equity to establish his rights. He that would have equity must do equity. And there is certainly no equity in allowing the plaintiff to take without compensation the value of improvements which Alison, a purchaser in good faith, who supposed he had a good and absolute title, has made.

The doctrine is thus stated by Mr. Washburn in his Treatise on Real Property : " In some of the states a mortgagee is allowed to charge for beneficial and lasting improvements. And this is sometimes the case even in England. And such would probably be uniformly the rule where the mortgagee in making such improvements supposed himself to be the absolute owner, or the person who made them was an innocent purchaser, or did it by consent and agreement of the mortgagor." 2 Washb. Rea. Prop. (3d ed.) 211.

We are of opinion that, as between Larissa and Alison, the

conveyance must be treated in equity as transferring all the right which Larissa had to convey, which was, an equitable interest in the mortgaged estate proportionate to the amount paid; that, on the redemption of the mortgage, Hooper, as holding Alison's right, was entitled to receive the fifty dollars which Alison had paid, and also to be allowed for the value of the improvements, with proper allowance for interest and taxes and intervening rents and profits, and that the case should be recommitted to a master to state the account between the plaintiff and Alison and Hooper, with such a settlement of the account with Larissa as thereby becomes necessary.