POOLE, GILLIAM & Co. v. JOHNSON.

1. **Redemption from Mortgage Foreclosure Sale:** BY JUNIOR LIEN HOLDER NOT MADE A PARTY: TERMS OF. One who buys property under a mortgage foreclosure holds title thereto, subject to the right of redemption by a junior lien holder not made a party to the foreclosure, upon his paying to the purchaser the amount of the mortgage debt, interest and costs, and taxes paid by the purchaser, and the value of all improvements made in good faith by the purchaser upon the premises, less the rents and profits of the premises while in the possession of the purchaser. But the puchaser may, before redemption, remove improvements made by him, if it can be done without injury to the premises; and in that case he can not recover their value from the redemptioner, nor can he be compelled to account to the redemptioner for the rents and profits arising from such improvements while remaining on the premises.

*Appeal from Kossuth Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION in chancery to enforce the right of a junior mortgagee to redeem from a sale of the mortgaged premises upon a decree foreclosing a senior mortgage, on the ground that the junior mortgagee was not made a party to the proceeding foreclosing the senior mortgage. A decree authorizing redemption, upon the payment of a sum therein specified, was entered. Plaintiffs appeal.

*George E. Clarke*, for appellants.

*Soper, Crawford & Carr*, for appellee.

BECK, J.—I. Plaintiffs complain of the amount which the decree of the court in this case requires them to pay in order to redeem from the senior mortgage. Their request to redeem is hardly controverted by defendant. But plaintiffs insist that from the mortgage debt certain rents should be deducted, and it is insisted in argument that, after this is done, nothing will be due defendant. The facts are fully embodied in an agreed statement. Other evidence was introduced

upon the point of defendant's good faith in making improvements upon the premises and in removing them. We find the essential and controlling facts of the case to be as follows:

The defendant purchased the lot in question under the decree of foreclosure of a mortgage executed to him. Plaintiffs held a junior mortgage, and were not made parties to the proceeding foreclosing defendant's mortgage. Of their right to redeem there can be no question. We are required to determine the sum they must pay in order to redeem.

II. About four years after the sale of the mortgaged property upon the decree of foreclosure, and about three years after the sheriff's deed was executed thereon, defendant built upon one of the lots a small house "upon blocks," at the cost of $400, and dug a well upon it. The house was rented at $7 per month. Within twenty-two months after it was built, and after plaintiffs had commenced this suit, defendant removed the house to another lot, the mortgaged premises being left in the condition in which they were found by defendant when he entered into possession thereof under the sheriff's deed, except as to the well. Plaintiffs insist that defendant is to be charged, against the mortgage debt, the amount of the rents received by him up to the removal of the house, and the value of the rent of the house after its removal up to the date of the decree in this case. This claim was not allowed by the circuit court, but plaintiffs were required to pay, in order to redeem, the amount of the debt, with interest and costs, together with the amount of taxes upon the property paid by defendant. We think the value of the rent of the lot, to the amount of $12 or $15, was deducted from the sums chargeable to the property. This conclusion is based upon our calculation made to determine the amount required to redeem. But the record is not clear upon this point, further than to show that the amount to be paid by plaintiff, as prescribed by the decree, hardly equals the full amount of the mortgage debt, interest and costs and the sum paid for taxes.

III. It cannot be doubted that a mortgagee in possession

under a foreclosure of· the mortgage must account to one entitled to redeem for the rents and profits of the mortgaged premises received by him while he has held possession. *Barrett v. Blackmar*, 47 Iowa, 365; *Ten Eyck v. Casad and Rowley*, 15 Id., 524. But this rule is modified by other doctrines which we will proceed to state; and under them it is not applicable to the case at bar.

IV.   One who has acquired possession of mortgaged premises, in the belief that he holds the title under foreclosure proceedings, is entitled to claim, upon redemption being made under the mortgage, the value of improvements made by him. *Putnan v. Ritchie*, 6 Paige, 390; *Benedict v. Gilman* 4 Paige, 58; *Troost v. Davis*, 31 Ind., 34; *Roberts v. Fleming*, 53 Ill., 196; *Green v. Dixon*, 9 Wis., 532; *Bacon v. Cottrell*, 13 Minn., 194; *Vanderhaise v. Hugues*, 2 Basl., 410; *Miner v. Beekman*, 50 N. Y., 337; Jones on Mortg., (2nd ed.), § 1128; *Harper's Appeal*, 64 Pa. St., 315.

The evidence shows that defendant, when he · built the house, in good faith believed that he had a valid title to the property, and that no right of redemption existed in plaintiffs or others.

V.   Improvements made as contemplated' in the rule above stated may be removed, if that can be done without injury to the soil, the premises being left in the condition they were in when possession was taken. *Winship v. Pitts*, 3 Paige, Ch., 259; 1 Hilliard on Mortgages, p. 471, and notes. See also pp. 461, 466, and notes.

The removal of the house by defendant did not injure the premises by leaving them in a condition different from that in which they were found by defendant when he built the house.

VI.   Plaintiff, being entitled to remove the house, or to compensation therefor in case he had permitted it to remain, ought not to be charged with rents realized by ·him from it. These rents were not paid him for the use of the land, but for the use of the house, which, under the rules above stated, the law regards as his own property.   The plaintiffs acquired no

lien upon or right to it in any form. Defendant simply received rents for his own property which he had the right to remove, or, if he did not do this, to recover from plantiffs its value when they sought to enforce their right to redeem. He cannot be charged in this case with this rent. .

No other questions arise in the case which we are required to determine. The decree of the circuit court is

AFFIRMED.