The American Button-Hole, Etc. Co. v. The Burlington Mutual Loan Ass'n et al.

---

THE AMERICAN BUTTON-HOLE, ETC. CO. v. THE BURLINGTON MUTUAL LOAN ASS'N ET AL.

**1. Redemption:** FROM MORTGAGE FORECLOSURE SALE: BY JUNIOR LIEN-HOLDER NOT MADE A PARTY: TERMS OF: PAYMENT FOR IMPROVEMENTS BY PURCHASER. The general rule is that a junior lien-holder not made a party to a mortgage foreclosure may redeem from the foreclosure sale without paying for permanent improvements made by the purchaser. But there are exceptions to the rule; and where the purchaser takes possession in good faith, under the belief that he is the sole owner, with the consent, expressed or implied, of the junior lien-holder, or where the latter has, for a considerable length of time, failed to assert his right to redeem, he can redeem only on condition that permanent improvements are paid for. The fact that the purchaser had *constructive* notice of the rights of the junior lien-holder is immaterial. For authorities cited, and for application of the rule to facts, see opinion.

2. ——: ——: ——: ——: INSURANCE, RENTS AND INTEREST. In such case the court properly charged the plaintiff with the amount paid for insurance on the buildings covered by the mortgage, but not on the new building, and with interest on the cost of the new building, and properly charged defendant with the rent of the new building.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 17.

ACTION in equity to redeem from a foreclosure and sale under a mortgage. From the decree the plaintiff appeals.

*P. Henry Smyth & Son,* for appellant.

*Hall & Huston, Newman & Blake* and *John C. Power,* for appellees.

SEEVERS, J.—The facts found by a referee are that in 1870 one Smith owned the real estate in controversy. In 1871 he executed a mortgage thereon to the loan association, which provided for interest at ten per cent, and that the mortgagee might pay delinquent taxes and insurance, and be entitled to interest on such payments. In 1872 and 1873 the plaintiff obtained three judgments against Smith. In June, 1876, the loan association foreclosed the mortgage, sold the premises, became the purchaser at such sale, and the premises were conveyed to such association, and it entered into possession in September, 1877. To the foreclosure proceedings the plaintiff was not made a party. In December, 1877, the loan association sold the premises to the defendant Orm, and gave him a contract to convey, and in 1881 the premises were conveyed to Orm by warranty deed. Orm entered into possession under his contract of purchase, and has remained in possession since that time, and he has made valuable permanent improvements, in good faith, believing that he was sole owner, consisting of a new building, which was completed in May, 1878. This is a sufficient statement of the

findings of the referee to present for consideration the most important objection made by appellant to the decree.

I. The right of the plaintiff to redeem is conceded, but the district court required him to pay for the per-

**1. REDEMP-
TION: from
mortgage
foreclosure
sale: by jun-
ior lien-hold-
er not made a
party: terms
of: payment
for improve-
ments by pur-
chaser.** manent improvements; and this is the first question we are required to determine. The defendants should be regarded as mortgagees in possession, and the plaintiff as mortgagor or statutory lien creditor seeking to redeem. In such case the plaintiff is remediless at law, and is compelled to obtain redress in equity. The general rule in equity between such parties is that the person having the right to redeem cannot be compelled to pay for permanent improvements. *Moore v. Cable*, 1 Johns. Ch., 385. The rule in this case was recognized in *Montgomery v. Chadwick*, 7 Iowa, 114; but it is said in that case that there are exceptions to the rule, and it was held that the person seeking to redeem, under the facts in that case, must pay for permanent improvements. There was a similar holding in *Mickles v. Dillaye*, 17 N. Y., 80; *Green v. Dixon*, 9 Wis., 532; *Troost v. Davis*, 31 Ind., 34; *Gillis v. Martin*, 2 Dev. Eq., 470; *Bacon v. Cottrell*, 13 Minn., 194 (Gil., 183); *Roberts v. Fleming*, 53 Ill., 196. The grounds upon which these cases proceed is that it would be inequitable and unjust, where the party takes possession in good faith, under the belief that he is sole owner, with the consent expressed or implied of the mortgagor, or where the latter has, for a considerable length of time, failed to assert his right to redeem, to permit this to be done, except on condition that permanent improvements are paid for. The fact that the party in possession had constructive notice of the rights of the mortgagor or lien creditor, it has been held, is immaterial. *Mickles v. Dillaye*, before cited. This case we think is clearly brought within the exception to the general rule. The improvements were made by the defendant, in good faith, under the belief that he was the sole owner.

But it is said that while the referee so found, it should be presumed that the defendant had knowledge of the judgment lien which appeared of record. We cannot think that we should indulge in this presumption. If we did so, then the improvements could not have been made in good faith. The improvements having been so made, in 1878, the plaintiff failed to assert its right to redeem until 1882, and until the accruing rents and probable advance in the value of the property made the equity of redemption more valuable than it would have been if it had been exercised before or shortly after the improvements were made. While it is true that the plaintiff had no legal knowlege of the foreclosure and sale of the premises, it did have knowledge that it had obtained the judgments under which it claims. The known vigilance of creditors warrants the assumption that plaintiff had knowledge of the mortgage, and of its right to redeem. For some reason it has not been swift to assert such right. In the meantime the defendants have acted in good faith, and with no design or intent to so improve the property as to make redemption unduly burdensome, or, if they have done so, the plaintiff is blameable for not asserting its right at an earlier day. Under such circumstances, it seems to us that the rule that he who asks equity must do equity applies with much force. It must be assumed, as nothing appears to the contrary, that the property has been increased in value by the improvements. It would be inequitable to allow the plaintiff, under the circumstances, to redeem this property without paying for the improvements.

II. The referee required the plaintiff to pay the amount paid by the defendants for insurance on the new building. This the court disallowed, but required the plaintiff to pay insurance on the buildings covered by the mortgage; and this we think is right, because the mortgage so provided. The referee found that for some time the buildings were not occupied, because suitable tenants could not be obtained, and he failed to charge

*2. ——: ——: Insurance, rents and interest.*

the defendants with rents for such period.    This action of the referee was disapproved by the court, and the plaintiff complains of this.    Whether this action of the court is wrong we are unable to say, because the evidence is not  before us. We can only determine what is equitable between the parties on the basis that the facts found by the referree are correct.    The referee, in stating  the account, charged the defendants with the rent of the house erected by the defendants, and credited them with interest on the cost of the house. As the former exceeded the latter, the plaintiff has, in this respect, no ground of complaint.

The decree must be

AFFIRMED.