HICKLIN v. MARCO et al.

*(Circuit Court, D. Oregon. May 18, 1891.)*

ALLOWANCE FOR VALUE OF PERMANENT IMPROVEMENTS ON A BILL TO REDEEM.
On a bill to redeem from the purchaser at a void sale, in a suit to enforce the lien of a mortgagee, or his assignee, the defendant is entitled to an allowance for the value of permanent improvements placed on the premises.

*(Syllabus by the Court.)*

In Equity.
Mr. W. Scott Beebe, for plaintiff.
Mr. William B. Gilbert, for defendants.

DEADY, J. The plaintiff, a citizen of California, brings this suit against the defendants, citizens of Oregon, to redeem the north half of the J. L. Hicklin donation claim, situate in the county of Washington, and containing 320 acres of land.

It is alleged in the bill that on February 27, 1879, one J. C. Hicklin, being the owner of said property, mortgaged the same to secure the payment of his note for $1,000, of even date therewith, payable to the order of T. B. Handley, 90 days after date, with interest at 1 per centum per month; that on March 6, 1879, Handley assigned said note and mortgage to one Thomas Connell, who on August 9, 1879, commenced suit in the circuit court for the county of Washington to enforce the lien of said mortgage, in which, on October 6, 1879, a decree was entered for the sale of the premises, on which the same were sold to said Connell, who on November 23, 1879, received a deed thereto from the sheriff, in pursuance of said sale, and that, by reason of sundry omissions or defects in the service of the summons in said suit by publication, said circuit court never acquired jurisdiction of the person of the mortgagor, and therefore the decree of sale and the sale thereunder are void.

It is also alleged therein, that on October 19, 1886, the premises were regularly conveyed to E. Quackenbush, who thereby became, in effect, the assignee and owner of said note and mortgage, and thereafter sold and conveyed the land in parcels to these several defendants, who have since been, and at the commencement of this suit were, in the possession of the same; that W. C. Hicklin died intestate on August 5, 1888, leaving eight children as his heirs at law, in whom the title to the premises then vested by descent; and that the plaintiff is the owner of an undivided one-fourth of the premises by means of conveyances executed in 1879 from said heirs.

Among other things, it is alleged in the answer that the defendants, while in possession of the parcels of the property conveyed to them as aforesaid, and while claiming in good faith to own the same, and believing they had a good title thereto, paid taxes and made valuable improvements on the land, stating the amount of the taxes and the value of the improvements in each case.

The plaintiff excepts to so much of the answer as impertinent.

On March 18, 1889, T. Lee, a citizen of Illinois, commenced an action at law in this court against C. S. Gault, one of the defendants in this suit, to recover the possession of a 40-acre parcel of this property, alleging that he was the owner in fee of the same, and entitled to the possession thereof.

The defense made to the action was the statute of limitations, and the sale and conveyance in the suit to enforce the lien of the mortgage to Handley, aforesaid.

The case was tried by the court without the intervention of a jury. In the finding of the court it is stated that the state court never acquired jurisdiction of the defendant in the suit to enforce the lien of the mortgage to Handley, and the sale and conveyance under the decree therein is void, because the copy of the summons and complaint did not appear from the return of the sheriff to have been deposited in the "post-office," but simply "deposited" without saying where, and this was not done until the twenty-third day after the order of publication was made, and the decree of sale was given and entered within 29 days after such deposit, instead of 43 days, as required by law; that the plaintiff was the owner in fee of the premises, but the defendant was entitled to the possession thereof until the mortgage is satisfied.

This conclusion was reached on the authority of *Cooke* v. *Cooper*, 18 Or. 142, 22 Pac. Rep. 945, in which it was held that a person in possession under a void foreclosure sale is deemed a mortgagee in possession, and entitled to remain so until the mortgage is satisfied. Accordingly judgment was given in the action, on the finding, for the defendant, and thereafter this suit to redeem was commenced.

In an action at law to recover the possession of real property, the law of this state is (Comp. 1887, § 321) the value of permanent improvements may be set off against a claim for damages for withholding the same; provided they were made by a person "holding under color of title, adversely to the claim of the plaintiff, in good faith." These defendants appear to hold under color of title; that is, they hold under conveyances which, admitting the right of the grantors therein to convey, are sufficient. *Stark* v. *Starr*, 1 Sawy. 20. Nothing appearing to the contrary, they are presumed to hold in good faith, and adversely to the plaintiff. *Stark* v. *Starr*, Id. 23, 25.

But the plaintiff does not make any claim for damages, and therefore he contends that no claim for permanent improvements can be allowed the defendants.

This is the rule at law when the plaintiff seeks to recover the possession of real property that the defendant unlawfully withholds, but in equity the rule is different. He who seeks the aid of a court of equity to get the possession of premises in the occupation of a mortgagee under an unsatisfied mortgage must do equity. A mortgagee in possession is not allowed to charge for permanent improvements, nor is he chargeable with the increased rents and profits directly resulting from such improvements. This is the general rule. 2 Jones. Mortg. § 1127. But to

this rule there are exceptions. "When the mortgagee makes permanent improvements, supposing that he has acquired an absolute title by fore-closure, upon a subsequent redemption he is allowed the value of them." "In like manner a purchaser at a foreclosure sale, who has made valu-able improvements in the belief that he has acquired an absolute title, is entitled to be paid for them, in case the premises are redeemed." And, "a purchaser in good faith from the mortgagee in possession, and with the assurance that he gave a perfect title, is entitled to allowance for improvements made by him thereon, although these consist of new structures." Id. § 1128.

The doctrine of these extracts from Jones on Mortgages is supported by the following cases: *McSorley* v. *Larissa*, 100 Mass. 270; *Freichnecht* v. *Meyer*, 39 N. J. Eq. 551; *Hadley* v. *Stewart*, 65 Wis. 481, 27 N. W. Rep. 340; *Green* v. *Dixon*, 9 Wis. 485; *Mickles* v. *Dillaye*, 17 N. Y. 80.

The case of the defendants is clearly within the exception, and they ought to be allowed in this suit for redemption the value of the perma-nent improvements they have made or placed on the land, in the rea-sonable belief that they had a good title thereto.

The exceptions are disallowed.