# SUPREME COURT

### OF THE

## STATE OF ARKANSAS,

### AT THE

### MAY TERM, 1883.

---

DAILEY ET AL V. ABBOTT.

1. MORTGAGE: *Irregularities of sale when waived.*
   When a mortgagor files a bill to redeem land sold under mortgage at a different place from that named in the deed, and without the appraisment required by act of March 17, 1879, he waives the irregularities unless he assails them in the bill.

2. SAME: *Amendment of bill to redeem may be answered.*
   When a bill to redeem land sold under mortgage is amended by inserting specific allegations of waste by the purchaser, it is error to refuse the defendant permission to answer the bill as amended.

3. SAME: *Bill to redeem, for what purchaser must account.*
   In an action to redeem land from a mortgage sale, the trustee who makes the sale, and not the purchaser, is chargeable with the excess of the sale over the mortgage debt, and cost of sale. The purchaser or his vendee, is entitled to the amount of the sale and interest at ten per cent. under the act of March 17, 1879, and if he takes possession before the time of redemption expires, must account to the mortgagor for the rents and profits and for all waste committed by him on the lands.

4. SAME: *Waste. Jurisdictiction to recover for.*

The mortgagor's right to hold the mortgagee to account for rents and profits and also for waste, must be enforced in equity and not at law.

APPEAL from *White* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*W. R. Coody* for Appellants.

1. Appellants should have been allowed to answer the amended complaint.

2. The power to redeem under the act 1879, after sale, is purely statutory, and must be pursued as such. *Dickinson v. Hays*, 26 *Minn.*, 101. Prior to this act a sale under power of mortgage, barred the equity of redemption, and purchaser had complete title and right of possion. *Pope v. Boyd*, 22 *Ark.*, 538. Under this act, the mortgagor gets the simple right to redeem in one year, the right of the parties remaining as before. Hence mortgagor not entitled to rents or damages, against purchaser.

3. Appellee estopped to dispute validity of the sale, after treating it as valid and offering to redeem. *Bigelow on Estoppel, p.* 503.

4. No tender was alleged, nor money brought into Court. A mere offer to pay, not sufficient. 26 *Minn.*, 101; 9 *Ark.*, 536.

5. Equity has no jurisdiction of damages, or mere trespass. The remedy was at law. *Dugan v. Carleton*, 1 *Ark.*, 31.

STATEMENT.

ENGLISH, C. J. This was a bill to redeem land sold under a trust deed. The bill was filed in the Circuit Court of White county, January 22d, 1881, by B. H. Abbott, against J. L. Dailey, Wm. Clark and L. B. Mitchell, alleging in substance:

That plaintiff, on the 10th of April, 1879, executed to defendant Mitchell, a trust deed upon the South part of the *North East quarter of section Eight in T. No. 5 N. R. 9 W.*, containing 60 acres, situate in White county, to secure to Mitchell the sum of about $45., payable 15th of October, 1879. That by the terms of the deed, Mitchell was made trustee, and empowered to sell the land, on default of payment of the debt at maturity, on his own premises, or at the Court House door, after giving public notice, &c., and out of the proceeds pay the debt and expenses of the trust.

That after advertisement, Mitchell sold the land, on its premises, February —, 1880, without causing it to be appraised, and defendant Dailey became the purchaser for $55, when the land was worth $400.

That defendant Clark was residing on the land and cultivating for the year, 1880, about forty acres thereof; which was improved, as tenant of, or purchaser from Dailey. Whether Mitchell had executed a deed to Dailey, under the trust sale, or not, plaintiff was not informed.

That the annual rent of the land was of the value of $100, and for the time it had been occupied and cultivated by Clark plaintiff had been damaged by being kept out of its use and occupation.

Plaintiff claims the right to redeem the land from the trust sale, and tenders and offers to bring into Court $75, or any sum required for redemption.

Prayer that the trust sale be set aside, and that plaintiff be allowed damages, and $100 for use and rent of the land for the year 1880, to be deducted from the amount required for redemption.

The bill professes to make the trust deed an exhibit, but it is not in the transcript.

Two days after the bill was filed, the defendants, by attorney, entered their appearance, and by consent of the parties the cause was submitted to the Court upon complaint, and the Court made an order that the clerk be appointed special master to audit and take an account, on testimony, of the rents, profits and damages, &c., in the case between the parties, and report at the next term of the Court, to the end that plaintiff be permitted to redeem the land.

At the July term, 1881, the clerk, as master, made a report, that in accordance with the decree rendered at the last term, he procured the attendance of witnesses at his office, upon whose sworn statement of facts, he submitted the following:

| | |
|---|---:|
| Due Abbott upon sale of land, . . . | $ 11.95 |
| For rent, $50 per year, 2 years, . . . | 100.00 |
| Value of barn logs, . . . . . | 50.00 |
| Value of 4000 rails at 50 cts. per 100, . . | 20.00 |
| Damage to place by destruction of timber, . | 100.00 |
| Making . . . . . . | $281.95 |

"Would report the costs at $16.75."

The defendants Dailey and Clark filed the following exceptions to the master's report on the day it was made (28th July, 1881):

1.  The rents and profits of the land reported by the master are in excess of the amount actually due, and not supported by the testimony.

2.  The master has charged defendants with the value of barn logs and rails alleged to have been removed from the premises, when under the order of reference he was only authorized to enquire and report as to the value of the rents and profits; and even if the barn logs were re-

moved from the premises as alleged, plaintiff cannot recover the value thereof in a proceeding of this kind.

3.   The damages reported by the master for cutting and removing timber are excessive and are not sustained by the proof.

After the filing of these exceptions, plaintiff asked and obtained leave of the Court to amend the bill by interlineation, stating the nature of the damages as follows: "and for the time the land has been occupied by said Clark, plaintiff has been damaged to the amount of $300 by the moving of barn logs and rails from said land, and the unnecessary cutting and destruction of timber thereon."

This amendment of the bill was permitted by the Court against the objection of defendants.   Thereupon they asked leave to answer the bill as amended, and that the cause be again referred to the master with instructions to take proof as to the alleged removal of the barn logs, rails, and destruction of timber, but the Court refused them permission to answer the bill as amended, &c., and they excepted.

Final decree was rendered 9th of August, 1881.

The decree recites among other things, that the debt secured to Mitchell by the trust deed was $39—that he sold the land under the conditions of the deed on the — day of February, 1880, and that it was purchased by defendant Dailey for $55, and that he sold it to defendant Clark, and that Clark was in possession of the land, and had been ever since the trust sale, and had been using and cultivating the same, and had damaged the land by moving barn logs and rails, and the unnecessary cutting and destruction of timber, and carrying the same from the premises, and that plaintiff asked the right of redemption, which he was permitted to do, he having tendered

Dailey et al v. Abbott.

the defendant the amount necessary for that purpose, &c.

After making these recitals, the decree further states that the Court sustained the exceptions to the Master's report, and corrected and restated the account thus:

| | | |
|---|---|---:|
| The balance of sale of land after deducting expenses, $5.00, | . . . . . | $11 00 |
| Two years rent of land, | . . . . . | 90 00 |
| Barn logs, . . . | . . . . . | 50 00 |
| Rails, . . . . | . . . . | 20 00 |
| Costs, . . . . | . . . . | 16 75 |
| | Total amount . . . . | $188 75 |

The decree then proceeds thus:

"It is therefore ordered adjudged and decreed by the Court that the said tract of land be, and the same is hereby redeemed from said sale; that defendant's title to the same, or either of them, under and by virtue of said sale, purchase or deed under said trust sale, be, and the same is hereby set aside, and held for naught to the end that the plaintiff be reinstated with his title to said land, the same as if there had been no such sale. And that plaintiff have and recover from defendants said sum of one hundred and eighty dollars and seventy-five cents, with interest at 6 per cent. per annum from this date, with costs of this suit; and the possession of said tract of land on the first day of January next, and that order and execution issue therefor."

Defendants excepted to the decree, and Dailey and Clark obtained grant of appeal by the Clerk of this Court.

OPINION.

1. MORT-GAGE: Bill to redeem. Irregularities of sale when waived.

It is alleged in the bill that the land was not sold by Mitchell, the trustee, and beneficiary in the deed of trust, at either of the places named in the deed, and that it was not appraised before sale, as required by the act of March 17th,

1879; (Acts of 1879, p. 94). The bill however, does not ask that the sale be declared null and void on account of such irregularity, but treats it as a valid sale, and claims the right to redeem the lands from Dailey, the purchaser at the trust sale, and Clark, his vendor, and offers to bring into Court the sum required to redeem. No tender before suit is alleged, nor does it appear that any money was paid into Court.

I. The bill as framed when filed, did not allege that appellant, Clark, had committed waste by removing barn logs and rails, and unnecessarily cutting timber from the land. *2. Amendment to bill may be answered.*

Appellants did not deem it necessary to answer the bill as framed. They consented that the cause might be submitted to the Court upon the complaint, which was, in effect, an admission that its allegations were true. The Master charged them with his estimate of the value of barn logs and rails removed and timber cut. On exceptions to this report, appellee was permitted to amend his bill, by alleging damages from removing barn logs, rails and cutting timber. Appellants were refused leave to answer the bill as amended. This was error. The Court to some extent countervailed this error, in reforming the Master's report, by omitting the charge of $100 for the destruction of timber; but it allowed to stand the charges for barn logs and rails, and to that extent appellants may have been prejudiced by the error.

II. The court found, as shown by the recitals of the decree, that the debt secured to Mitchell by the trust deed was $39, and the expenses of sale, $5, making $44. Appellant Dailey paid for the land at the trust sale $55., which was $11 in excess of the amount of the debt due to Mitchell and the expenses of sale, which it must be presumed he received, and for this excess of $11 he alone is accountable to appellee Abbott. Yet the Court below rendered a decree against *3. Bill to redeem: For what purchaser must account.*

both appellants, Dailey and Clark, for the excess, which was an error.

III. The appraisement and redemption act of March 17, 1879, provides that where land is sold under a mortgage or deed of trust, it may be redeemed by the mortgagor at any time within one year from the sale thereof, by payment of the amount for which said property is sold, together with ten per cent. interest thereon, and cost of sale. See 1.

In his bill appellee offered to pay into Court any amount of money required to redeem, but submitted that it should be deducted from the rents and profits of the land which he claimed. The Court decreed to him $90.00 for rent against both appellants, Dailey and Clark, but required him to pay into Court no redemption money, and gave credit for none upon the rent. This was error.

IV. Counsel for appellants submits that appellee was not entitled to rent. As long as the right of redemption exists, the mortgagor is entitled to rent, if the mortgagee is in possession, taking the rents and profits. The statute prolongs the mortgagor's right of redemption for one year after the sale. The purchaser at the sale takes the place of the mortgagee, and if he takes possession of the land before the period of redemption expired, there is no good reason why he should not be accountable for the rents and profits. On redemption he gets the purchase money with interest at ten per cent. His vendor occupies no better position. 2 *Jones on Mortgages, Sec.* 1118.

V. It is moreover submitted by counsel for appellants, that in a bill to redeem, Chancery has no jurisdiction to decree damages for waste, but the mortgagor must resort to an action at law.

The mortgagor's right to hold the mortgagee to account for rents and profits of the mortgaged premises, *or for waste*

*(margin notes: Mortgagor entitled to rents from mortgagee in posession. 4. WASTE: Recoverable in chancery only:)*

*done to them*, must be enforced in equity and not by suit at law. *Ib., sec.* 1116; *Seaver v. Durant*, 39 *Vermont*, 103.

For the errors above indicated, the decree must be reversed, and the cause remanded, with instructions to the Court below to permit appellants to answer the allegations of the bill as amended as to damages occasioned by removing barn logs and rails from the land in question, and for further proceedings in accordance with the principles and practice in equity, and not inconsistent with this opinion.