## WOOD v. HOLLAND.

### Opinion delivered January 21, 1893.

1.  *Mortgage—Sum payable to effect redemption.*
    To redeem land in possession of a mortgagee from the mortgage, it is sufficient to tender the amount necessary to extinguish the mortgage debt at any time before the right to recover the land is barred; to redeem such land from a sale had under the mortgage, in accordance with the statute (Mansf. Dig., sec. 4759), there must be made, within a year after the sale, a tender, to the person entitled to receive it, of the amount bid at the sale, with ten per cent. interest thereon, and the cost of sale.

2.  *Redemption—Effect of tender.*
    Where a trustee in a mortgage sells the land under a power con tained therein, and forthwith delivers possession and executes a deed to the purchaser, the purchaser's inchoate title is cut off by tender, within the year, of the amount required to redeem from the sale, and he becomes liable for the rents as a mortgagee in possession; the mortgagor may follow up his tender by suit at any time until his right to recover the land is barred.

*3.  Sufficiency of tender.*

> A complaint which seeks to redeem land from a mortgage, and from a sale thereunder to one of the mortgagees for a sum less than the mortgage debt, is sufficient if it alleges that a tender of the amount required to redeem from the sale was made within a year from the sale, and that, before bringing the suit, a tender was made of an amount of money sufficient, in connection with the rents of the land enjoyed by purchaser, to pay off and discharge the mortgage.

*4.  Redemption—Parties.*

> The personal representative of a deceased mortgagee is a necessary party to a suit to redeem land from the mortgage.

Appeal from White Chancery Court.

DAVID W. CARROLL, Chancellor.

The appellants, *pro. se.*

The former suit in this case (53 Ark. 69) was affirmed without prejudice, and within the year allowed by law they brought this suit. It is not barred, as the tender was within the year. Mansf. Dig. sec. 4497 ; 53 Ark. 96 ; 13 *id.* 269 ; *ib.* 276 ; 49 *id.* 248 ; 29 Kans. 5 ; 56 Vt. 60 ; 16 Pick. (Mass.) 386 ; 13 Am. & Eng. Enc. Law, 386 ; 80 Ala. 376.

*J. W. House,* for appellees.

1.  In 53 Ark. 69, it was held that, in order to redeem, it was necessary to tender the entire purchase money due. The fact that the judgment was affirmed in that case without " prejudice " to any further action by appellants could not extend the limit for redemption.

2.  Mansf. Dig. sec. 4497, only applied to such statutes of limitation as then existed, and not to actions under the act of March 17, 1879. The suit was barred.

3.  A. P. Sanders, or his personal representative if dead, was a necessary party. The demurrer was properly sustained for the want of proper parties. 2 Jones on Mort. sec. 1100 ; 3 Ark. 364 ; 41 *id.* 88 ; *ib.* 314 ; 35 *id.* 289.

4.  As to the motion to dismiss, see 10 Ark. 454.

COCKRILL, C. J.   The appellants filed their complaint against Holland and Ellingwood, appellees, to redeem a tract of land from a mortgage, and from a sale had under the mortgage, in pursuance of a power to sell, vested in a trustee by that instrument; and to have an account of the rents and profits, and for other relief.

The court sustained a demurrer to the complaint upon the ground that it showed no equity in the plaintiffs.   They rested, the complaint was dismissed, and the question for determination here is, did the plaintiffs' complaint allege facts which would entitle them to redeem?

We take the following epitome of the allegations of the complaint from the appellees' abstract:   "The plaintiffs, J. F. & C. W. Wood, on the 1st day of November, 1882, purchased of the defendants, John G. Holland and A. P. Sanders, the lands in controversy, for the sum of $600 in three notes of $200 each, due and payable in one, two and three years, with interest at ten per cent. per annum from maturity until paid, and in order to secure the payment of said notes the plaintiffs at the same time executed a mortgage to the said Holland and the said Sanders, in which B. C. Black was made the trustee.   On the 14th day of May, 1887, said indebtedness not having been paid, the said Black, as trustee, sold said property at public sale, after giving notice of such sale as required under the terms of said trust deed, and John G. Holland became the purchaser, at the sum of $250, and a deed was executed to said Holland, and the said Holland conveyed said property to Frank Ellingwood.   On the 7th day of May, 1888, the plaintiffs offered to redeem said lands by paying the amount said Holland bid and ten per cent. thereon; this offer was refused, and the case was brought to this court and is reported as *Wood* v. *Holland*, 53 Ark. 69.   It was there held that, in order to redeem, it was necessary that the

balance of the entire purchase money should have béen tendered; and the cause was affirmed." The complaint then proceeds to allege that, after the determination in this court of the cause just mentioned, the plaintiffs made a tender of an amount of money which, in connection with the rents of the land which had been enjoyed by one or more of the appellees, was sufficient to pay off and discharge the mortgage.

The right of the mortgagor to be relieved from the consequences of the sale made by the trustee, by tendering to the person entitled to receive it the amount bid at the sale with interest and costs within a year thereof, was recognized in the former suit of *Wood* v. *Holland*, 53 Ark. *supra*. That is a right granted by the plain terms of the statute, and it may be exercised against the purchaser at a sale under a power contained in a mortgage executed since the passage of the statute, whether he is a stranger to the mortgage or the mortgagee himself.

1. As to redemption from mortgages.

But there is a marked difference between redeeming from a mortgage and redeeming from a sale under the mortgage. *Hays* v. *Thode*, 18 Iowa, 51; *Tuttle* v. *Dewey*, 44 *ib*. 306; 2 Jones, Mort. sec. 1070. It may be that the recognition of that distinction controlled the the determination of the case of *Wood* v. *Holland*, 53 Ark. *supra*.

Whether in determining that case the court entertained the view that the mortgage lien would exist upon the premises after a redemption by the mortgagor, as it had done before, and that therefore there could be no redemption from the mortgage by the mortgagor save by payment of the whole debt ; or whether the payment of the whole amount due was an equitable condition imposed by the court as a prerequisite to the exercise of its powers in favor of one who was attempting to acquire title to land by the payment of less than half the pur-

2. Effect of tender.

chase money he had contracted to pay, is immaterial to the determination of this cause. The question is not material because a proper tender in apt time prevented the extinguishment of the mortgagor's title by the trustee's sale. Until the time for redemption had elapsed the purchaser at that sale had no more than a defeasible title; he was not entitled to the possession, and if he got possession, he could maintain it only in the right of the mortgagee, and would have to account for the rents as a mortgagee in possession would. *Dailey* v. *Abbott*, 40 Ark. 275.

It was not within the power of the trustee, by executing a deed prematurely under his power to sell, to deprive him of that right or of the right to cut off the purchaser's inchoate title by redemption. A tender by the mortgagor had the effect of preventing the passing of his title, just as a tender of payment at the time mentioned in the condition of a mortgage saves the breach of the condition and clothes the mortgagor with the legal estate. *Schearff* v. *Dodge*, 33 Ark. 340; *Atkinson* v. *Hudson*, 44 *id*. 196.

3. Sufficiency of tender.     The appellees do not contend that the tender made before the time for redemption had expired did not in all things conform to the statute, or that the amount which the plaintiffs are now offering to pay is not sufficient to extinguish the mortgage. These facts being conceded, the plaintiffs have stated a case for relief.

It is not the case, as counsel argues, of one who attempts to redeem after the statutory period for redemption has expired. It is true, the bill was not filed until the year had expired; but it is payment or a tender of payment, and not the institution of a suit, which the statute requires within the year. A tender having been made, it could be followed up by suit at any time until the right was barred. It follows that the court erred is sustaining the demurrer.

The personal representative of Sanders, if he is dead as is suggested, is the proper party to receive his proportion of the debt due by the mortgagors. He is therefore a necessary party in a bill to redeem from the mortgage. He should be brought in.

Reverse and remand with instructions to overrule the demurrer.

<div style="text-align:right;margin-left:-3em;">4. Parties<br>to suit to<br>redeem.</div>