## DANENHAUER *v*. DAWSON.

### Opinion delivered March 12, 1898.

1. MORTGAGE SALE—RIGHTS OF PURCHASER.—A purchaser of land at a sale under a power contained in a mortgage is entitled to possession of the premises during the period of one year after the sale allowed by the statute for redemption by the mortgagor until the right of redemption is exercised, and will not be liable for rents and profits received by him during that period, unless the mortgagor redeems the land. (Page 132.)

2. SAME—RIGHT TO REDEEM.—The statute which confers the right to redeem from sales under powers contained in mortgages (Sand. & H. Dig., § 5111) applies to all such sales, and not merely to sales at the second offering when, on account of a failure to bring two-thirds of its value at the first offering, the sale has been postponed. (Page 136.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

| 65 | 129 |
| 66 | 573 |
| 66 | 575 |
| 65 | 129 |
| 73 | 592 |
| 65 | 129 |
| 84 | 527 |

STATEMENT BY THE COURT.

This action was brought in the Lee circuit court by appellee, Jack Dawson, against the appellant, F. C. Danenhauer, to recover possession of five acres of land in Lee county. Danenhauer filed an answer, alleging that he was the owner of said land, and denying the right of Dawson to recover possession thereof. The evidence at the trial showed that the land in controversy was in 1888 owned by F. Trunkey, who sold the tract of land, of which that in controversy was a part, to Dawson and certain other parties, and executed a deed conveying the land to them. Dawson and the other vendees agreed to pay $1,361.85 for the land. To secure the payment of this sum, they executed and delivered to R. D. Griffis, as trustee, a deed of trust conveying said land to him with power of sale, providing that if default was made in the payment of the debt the trustee should take immediate possession, and after advertisement sell the same to the highest bidder, and execute and deliver to the purchaser proper deeds, conveying the land to him. Dawson took possession of the land under his purchase, but paid no portion of the purchase price. F. Trunkey died, and, the purchase money not having been paid, the trustee on 16th April, 1895, sold the land under the power contained in the deed, and at the sale it was purchased by the heirs of Trunkey for the sum of $900, leaving a balance of the purchase price, amounting to over $600, unpaid. Shortly after the sale the trustee executed his deed conveying said land to the heirs who had purchased, and they sold the land to appellant, Danenhauer, for the sum of $650, one-half of which he paid in cash. They executed a written agreement to convey the land to him upon the payment of the remainder of the purchase money, and authorized him to take possession of the land, and Danenhauer took possession before the expiration of the year allowed to redeem. There is conflict in the evidence as to whether he obtained the same peaceably by consent of Dawson or forcibly took possession. The court in effect instructed the jury that, during the period allowed for redemption, appellee, the grantor in the deed of trust, was entitled to the possession of the mortgaged premises. The finding and judgment was in favor of plaintiff.

*McCulloch & McCulloch*, for appellant.   *Norton & Prewitt*, amici curiae.

The plaintiff in ejectment must recover, if at all, on the strength of his own title.   47 Ark. 413.   The right to possession follows the legal title, which, in case of a sale under mortgage, is in the purchaser.   7 Ark. 310; 18 *ib*. 166; 30 *ib*. 520; 32 *ib*. 478; 34 *ib*. 312; 43 *ib*. 469; *ib*. 504; Jones, Mort. §§ 19, 667, 668, 702 and 703; Pingrey, Mort. § 826; 57 Ala. 290.   The rule is, of course, different in those states where a mortgage is construed as a lien, and not a conveyance.   15 Am. & Eng. Enc. Law, 731–738.   Like the minor's right to redeem from tax sale, the mortgagor's right to redeem within the statutory period is not an estate, but only a privilege to defeat the purchaser's estate.   52 Ark. 132; 21 *id*. 319.   A deed is to be construed more strongly against the grantor.   Devlin on Deeds, § 848.   The stipulation in the mortgage waived any right to possession which the mortgagor may have had.   Jones, Mort. § 1542 *et seq*.

*Jas. P. Brown*, for appellee.

After sale, the right of possession remains in the mortgagor, subject to defeat by nonpayment of the amount for which the property was sold, together with interest.   57 Ark. 198; Dembitz, Land Titles, 769 and foot notes 247, 248; 1 Pingrey, Mortg. § 12; 18 Ark. 166; 30 Ark. 520; 31 *ib*. 429; 43 Ark. 504; 7 *ib*. 310; Jones, Mort. (5th Ed.) § 1051b; 43 Minn. 172; S. C. 45 N. W. 11; 53 N. W. 630; 6 N. W. 489, and cases cited.   The equity of redemption cannot be waived in the mortgage itself.   Jones, Mortg. § 251.   Nor is such waiver by subsequent deed or contract favored.   3 Pom. Eq. 171; 26 Ala. 312; 28 Ill. 149; 32 Md. 185.   A general finding for the plaintiff in ejectment entitles him to possession.   53 Ark. 411; 50 Ark. 506.

RIDDICK, J., (after stating the facts.)   This is an action of ejectment brought by a grantor in a deed of trust against one holding under the purchaser of the premises at a sale made by virtue of the power contained in the deed.   The land was purchased at the sale by the heirs of the beneficiary in the trust

deed. The trustee executed a deed conveying the land to them, and they sold to the defendant in this case. The grantor has not offered to redeem, and the question presented for our consideration is whether, as against the purchaser under the power contained in the deed, the grantor is entitled to the possession of the mortgaged premises during the statutory period allowed for redemption.

This deed of trust, being executed to secure a debt, was in legal effect only a mortgage (*Turner* v. *Watkins*, 31 Ark. 429); but in this state the legal title passes by the mortgage to the mortgagee, subject to be defeated by the performance of the conditions of the mortgage. *Whittington* v. *Flint*, 43 Ark. 504; *Ringo* v. *Woodruff*, 43 Ark. 469; *Fitzgerald* v. *Beebe*, 7 Ark. 310. As the debt secured by the deed in this case was past due and unpaid, if the mortgagee had taken possession of the mortgaged premises without a sale, it is plain, from the cases just cited, that the mortgagor could not maintain ejectment against him, or those holding under him, without first paying, or offering to pay, the debt secured by the mortgage. And certainly it cannot be said that the sale of the premises made under the power contained in the deed revested the title in the grantor, so as to empower him to bring ejectment and recover possession of the mortgaged premises, without offering to redeem or pay any portion of the mortgage debt. The purpose of this sale was to cut off the equity of redemption possessed by the grantor, and, but for the statute giving the right of redemption after sale, the grantor a'ter such sale would have no further interest of any kind in said land. The statute confers upon the grantor the right to redeem at any time within one year after the sale under the mortgage or deed of trust, but upon the question of possession it is silent. It does not confer or attempt to confer upon the grantor any right to the possession of the premises during the period allowed for redemption. Sand. & H. Dig., § 5111.

Who then had the right to the possession of the premises during the statutory period allowed for redemption? The mortgagee has, after the sale, no lien upon the land by virtue of the mortgage, and no right to take possession for any unpaid balance of the debt; for the mortgage is discharged by the sale, and

the rights of the mortgagee, as to the land, pass to the purchaser. After the sale, and during the period allowed for redemption, "the purchaser at the sale takes the place of the mortgagee." *Dailey* v. *Abbott*, 40 Ark. 275. But there is this difference between the position of the mortgagee in possession and that of a purchaser. The possession of the purchaser is after the sale, when the foreclosure has already taken place, and when only the statutory right of redemption remains to the mortgagor. In the case of *Ruckman* v. *Astor*, 9 Paige (N. Y.), 517, Chancellor Walworth, speaking of the right of a purchaser at a foreclosure sale, when the statute permitted the mortgagor to redeem, said that the purchaser "was in the same situation as a mortgagee in possession after a decree for a strict foreclosure previous to the expiration of the time allowed by such decree for the redemption of the premises. There, in case the mortgage money mentioned in the decree with interest thereon is not paid within the time limited for that purpose, the equity of redemption is forever barred, and the mortgagee will be permitted to retain the rents and profits which he has received subsequent to such decree. But if the redemption takes place, as authorized by the decree, the mortgagee must relinquish the premises to the owner of the equity of redemption, and must account for the rents and profits while he held possession."

Now, without stopping to consider whether this extract from the opinion of the learned chancellor gives a correct view of the law concerning strict foreclosures, we think it illustrates the position of a purchaser holding under a mortgage sale during the year allowed by our statute for redemption. Such a purchaser occupies a double character, and may come to be treated either as a mortgagee in possession or as a holder of an absolute title, depending upon whether there has been a redemption or not. To speak more accurately, he holds as purchaser; but if there be a redemption, his rights will be determined by treating him as a mortgagee, to the extent of the price paid by him. If the mortgagor redeems, the defeasible title of the purchaser is abrogated. The purchaser will then, for the purpose of redemption, be treated as a mortgagee in possession, and will be entitled to the price paid by him, with interest, and must

account for the rents and profits. But if no redemption is made, then at the end of the period allowed for redemption the title of the purchaser becomes absolute, and when the conveyance is made it relates back to the time of the sale, and he can retain the rents and profits received by him subsequent to the sale. So it seems to us that, in order to recover possession, and call the purchaser to account for the rents and profits, the mortgagor must redeem. *Ruckman* v. *Astor*, 9 Paige, Ch. (N. Y.) 517; *Lathrop* v. *Nelson*, 4 Dillon, 194; *Dailey* v. *Abbott*, 40 Ark. 275; *Burk* v. *Bank of Tennessee*, 3 Head, 686; *Champion* v. *Hinkle*, 45 N. J. Eq. 162; *Childress* v. *Monette*, 54 Ala. 317; *Powers* v. *Andrews.* 84 Ala. 219.

We do not find any decision of this court in conflict with the conclusion at which we have arrived, but there are expressions in *Wood* v. *Holland* (57 Ark. 188) and in *Dailey* v. *Abbott* (40 Ark. 275) which are cited as sustaining the opposite view. But it must be remembered that those were cases in which redemptions were made. Taking those cases in connection with the facts upon which they were based and the questions determined, we find very little in either of them from which we should wish to dissent, but we do not feel called upon to discuss those cases, because in each of them a redemption had been made, and the question whether the mortgagor was entitled to the possession when no redemption was made was not before the the court. In this case the mortgaged property did not sell for enough to satisfy the mortgage debt by several hundred dollars. It was purchased by the creditor or beneficiary in the deed of trust, who received a deed from the trustee, and then in turn sold to the appellant. If we should hold that the mortgagee, and not the purchaser, had the right to the possession during the period allowed to redeem, the result, so far as this case is concerned, would be the same, for the appellant holds under the mortgagee or trustee. We do not know of any decision by this court in which it is said or intimated, in a case such as we have here where the mortgaged premises have sold for less than the mortgaged debt, and where the mortgagor is not offering to redeem, that he may still take from the mortgagee or the purchaser from him the possession of such premises during the period

allowed for redemption, and apply the rents and profits to his own use, and allow his debt to go unpaid.

There is nothing in the deed of trust under which the premises were sold in this case that prevents the creditor from subjecting the use of the premises, during the year following · the sale, to the payment of his debt. On the contrary, it grants to the trustee in the fullest terms the power to take possession upon default, and to sell and execute a deed conveying the title to the purchaser. Nor do we find, in the statute which gives the right to redeem, anything that would justify such a ruling. Our statute, which defines the rights of a purchaser of land at a sale under execution, expressly provides that no conveyance shall be made to the purchaser nor possession delivered until the time for redemption has expired, but there is no such provision in this statute regulating sales under mortgages and deeds of trust. The bare right to redeem is given and nothing more. To hold that this statute gives the mortgagor the right to take possession of the premises, and appropriate the rents and profits during the year allowed to redeem, without redeeming or paying any portion of his debt, would, it seems to us, be put- · ting something in the statute not authorized by its language. Before this statute was passed, a sale and conveyance under the power in a deed such as we have here vested an absolute title in the purchaser, and this effect should still be given to the sale, so far as is consistent with the purpose of the statute to allow a right of redemption. If the sale carries the right to the rents and profits, the purchase price will be enhanced to that extent, and the result will be a benefit to the mortgagee, and no great harm to the mortgagor, as the increased price goes to the payment of his debt, and, if there be an excess, it belongs to him.

It is said that it would put a cloud upon the title of the mortgagor to have a deed executed to the purchaser before the period of redemption expires. If this were true, the redemption would annul such deed, and the mortgagor has his remedy to remove the cloud; but we do not see that there is any necessity that a deed should be executed before such period has elapsed. By virtue of the legal title in the mortgagee, the purchaser can under him take and hold possession against the

mortgagor until the year for redemption has expired. When a deed is executed, it can, we think, by the doctrine of relation, properly be held to take effect from the day of sale. *Wagner* v. *Cohn*, 46 Am. Dec. 660: *Lathrop* v. *Nelson*, 4 Dillon, 194.

As to the contention of counsel who appear as *amici curiæ* that the right of redemption is not given when the property sells at the first offering, but only to a sale at the second offering, when, on account of a failure to bring two-thirds of its value at the first offering, the sale has been postponed, we are of the opinion that it cannot be sustained. There may be some ambiguity, but, taking the whole act together, we feel convinced that the right to redeem applies to all sales under mortgages or deeds of trust. If the object of allowing the right to redeem was to prevent an absolute sale of property at less than two-thirds of its value, it seems strange that the legislature, when the property fails to bring that amount at the first offering, should postpone the sale for a year, and then at the sale on the second offering allow another year in which to redeem, without regard to whether the property at the last sale brought more than two-thirds of its value or not. If the legislature did not intend to allow the right to redeem from a sale at the first offering because the land sells for two-thirds of its value, we feel certain that it would not have allowed the right to redeem from a sale at the second offering when the land was sold for two-thirds of its value or over. As no distinction in this respect in regard to the right to redeem from sales at the second offering is made, we conclude that the right to redeem was intended to apply to all sales.

Having concluded that the plaintiff in this case had no right to recover the possession of the mortgaged premises from the defendant without redemption, it follows that the judgment of the circuit court must be reversed, and the cause remanded for a new trial, and it is so ordered.

BATTLE, J., (dissenting). A statute of this state provides that real property sold under a power of sale in deeds of trust and mortgages "may be redeemed by the mortgagor at any time within one year from the sale thereof by payment of the amount for which said property is sold, together with ten per

cent. interest thereon and costs of the sale." Under this statute, is the purchaser entitled to the possession of the property sold before the expiration of the time for redemption? I think not. In his bid for the property at the sale, he agrees to pay what he is willing to give for it, provided it is not redeemed, and he gets it at the end of the time allowed for redemption. As a full and complete compensation to him for the money he has paid for the land, the law allows the amount paid and ten per cent. interest, in the event he fails to acquire title by reason of redemption. Until the time to redeem expires, the land stands as security to him for this amóunt and interest, in default of the payment of which within the year after the sale he becomes the owner of the land. Until then he has only an inchoate title, and his right to the posession does not accrue until it becomes complete. He is, consequently, not entitled to possession within the one year allowed to redeem.

The purchaser does not become subrogated to the rights of the mortgagee against the mortgagor. He is entitled to the land or the return of his money with interest, and no more. The mortgagee is entitled to recover of the mortgagor the remainder of the mortgage debt left unpaid after the amount received on account of the sale of the lands has been deducted. By reason of this unpaid balance, the purchaser acquires no rights. All the rights existing by virtue thereof belong to the mortgagee or his assigns. What those rights are is not necessary for us to determine in this case; for appellant had no right to the land except that acquired by the sale under the power contained in the deed of trust; and, in taking possession of it, he was not acting in the name of or for the trustee or beneficiaries in the deed of trust, for the purpose of enforcing the collection of the balance due on the mortgage debt, or by virtue thereof, but in his own behalf. This debt had never been assigned to him, and he therefore had no authority by virtue thereof to assert a right to the possession of the land for the purpose of appropriating the rents and profits accruing therefrom to the payment of the debt. He had no more right to do so than a purchaser at a sale under execution would have, by virtue of such purchase, to collect the balance due on the judgment on which the execution was issued. The appellee was, there-

fore, during the time allowed for redemption, entitled to possession of the land, as against the appellant.

BUNN, C. J., concurs with me.