## VAUGHAN *v*. WALTON.

### Opinion delivered July 1, 1899.

MORTGAGE SALE—RIGHTS OF PURCHASER.—Though the purchaser at a sale under a power contained in a mortgage bids and pays the full amount of the mortgage debt, he is entitled to the possession of the premises during the period allowed by the statute for redemption. *Danenhauer* v. *Dawson*, 65 Ark. 129, followed. (Page 572.)

Appeal from Sebastian Circuit Court.

EDGAR E. BRYANT, Judge.

*Ira D. Oglesby*, for appellant.

Where the purchaser at mortgage sale bids the *full amount of the mortgage debt*, interest and costs, the mortgagor being in possession at the time of the sale, the purchaser is not entitled to possession of the lands during the year allowed the mortgagor in which to redeem. 54 Ia. 650; 78 Ky. 496; 43 Ill. 327; 63 Ill. 426; Wiltsie, Foreclosurses, 673; 35 Pac. 169; 52 N. W. 897; 61 N. W. 668. This case is not within the rule announced in *Danenhauer* v. *Dawson*, 65 Ark. 129.

*H. C. Mechem* and *F. A. Youmans*, for appellee.

This case falls within the rule laid down in *Danenhauer* v. *Dawson*, 65 Ark. 129. The fact that the property here sold for the full amount of the mortgage debt does not alter the rule.

RIDDICK, J. This is an action of ejectment to recover the possession of land sold under a power contained in a mortgage. The plaintiff bid at such sale the full amount of the mortgage debt, and, in consideration of the payment of that sum of money, the land was sold and conveyed to him.

The defendant, who is also the appellant, is the mortgagor, and she contends that the purchaser at the mortgage sale is not entitled to the possession of the premises sold until the expiration of the year allowed for redemption. The question presented is whether, when the purchaser at a mortgage sale bids

and pays the full amount of the mortgage debt, he is entitled to the possession of the premises sold during the year allowed for redemption, or is the mortgagor entitled to the possession during that time? The facts here are not entirely similar to those in the case of *Danenhauer* v. *Dawson* (65 Ark. 129) recently decided by this court; for the land there did not sell for enough to pay the mortgage debt, as it did in this case. But the question presented here was discussed at some length in that case, both in the opinion of the court and the dissenting opinion.

The decision in that case was based mainly on the conclusion reached by a majority of the judges that, when neither the deed nor the statute forbids, the right to the possession of the mortgaged lands follows the legal title. The legal title under our law passes by the mortgage to the mortgagee, and a sale and conveyance of the mortgaged premises by him under the power contained in the mortgage vests the title in the purchaser with the consequent right to possession and to the rents and profits. The title of the purchaser is subject to be defeated by the exercise of the mortgagor's right of redemption, but, in order to recover possession, and call the purchaser to account for the rents and profits, the mortgagor must redeem. *Danenhauer* v. *Dawson*, 65 Ark. 129.

Counsel for appellant earnestly contends that the rule announced in *Danenhauer* v. *Dawson* should not be extended to a case such as this, and asks why should the purchaser, under the state of facts in this case, stand in a more favorable position than the purchaser at an execution sale. Our reply is that the statutes controlling the two cases are different, and make the distinction complained of. The statute defining the rights of a purchaser of land at a sale under execution expressly provides that no conveyance shall be made to the purchaser nor possession delivered until the time for redemption has expired. Sand. & H. Dig. § 3100. There is no such provision in the statute regulating sales under mortgages and deeds of trust. If the mortgagor has any right to the possession of the premises after the sale, it must come from the statute giving the right to redeem, for he had none before the passage of that act. But by the statute the bare right to redeem is given, and nothing more. It does not confer, nor attempt to confer, upon the mortgagor any

right to the possession of the premises during the period allowed for redemption. As there is nothing, either in the statute or the mortgage, to the contrary, the right to the possession during the year allowed to redeem must follow the legal title, which, after the conveyance, is in the purchaser. In order to acquire the legal title, and the consequent right to possession, the mortgagor must redeem.

Counsel for appellant has cited several cases from other states holding that the mortgagor has the right to possession of premises until expiration of the period allowed for redemption, but these cases are based upon statutes and rules of law in reference to mortgages very different from those in force in this state. Take, for instance, the first case cited by counsel, that of *White* v. *Griggs*, 54 Iowa, 650. The decision in that and other Iowa cases is based on a statute which expressly provides that the mortgagor is entitled to the possession of the mortgaged premises until the expiration of the time for redemption. See *Myton* v. *Davenport*, 51 Iowa, 583, where the statute is referred to and quoted. And so the other cases cited by counsel for appellant on this point are based on statutes similar to that of Iowa, or upon adjudications to the effect that the legal title to the mortgaged premises does not pass by the mortgage to the mortgagee, but remains in the mortgagor until after the foreclosure and the expiration of the period for redemption. A mortgagee in those states gets no title, but only a security for his debt, until foreclosure is complete. *Wagar* v. *Stone*, 36 Mich. 364; *Taliaferro* v.*Gay*, 78 Ky. 496.

In this state the law is different. Our statute, as before stated, does not contain the provision of the Iowa law allowing the mortgagor to hold possession during the redemption year; and it is settled law with us that the legal estate in the mortgaged premises passes by the mortgage to the mortgagee, subject to be defeated by the performance of the conditions of the mortgage. Unless controlled by stipulations in the deed to the contrary, the right of possession in this state follows the legal title. *Whittington* v. *Flint*, 43 Ark. 504. For these reasons, we think the cases cited by counsel can have but little weight in this state.

The judgment from which this appeal was taken was ren-

dered by the circuit court before the decision of this court in
*Danenhauer* v. *Dawson*, but the circuit judge arrived at the
conclusion, subsequently reached by us in that case, that the
purchaser was entitled to the possession, there having been no
redemption.

While the question is not free from doubt, and is one on
which difference of opinion may be expected, still we see no
reason to alter the conclusion first reached by us, and the judg-
ment is therefore affirmed.