LAMBRIGHT *v*. BALES.

Opinion delivered May 26, 1919.

1. MORTGAGES — SALE UNDER POWER — WAIVER OF REDEMPTION.—Inasmuch as Kirby's Digest, § 5416, gives the right to redeem from a sale under a power contained in a mortgage, and has not provided that such right may be waived in the mortgage itself, it cannot be so waived.

2. SAME — REDEMPTION — WAIVER—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 5420, giving the right of redemption from a sale under foreclosure of mortgage in the chancery court and providing for a waiver of such right in the mortgage is not applicable to a foreclosure sale under a power contained in the mortgage.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; reversed.

*B. E. Isbell,* for appellant.

1. Appellant clearly had the right to redeem, as the mortgage was not foreclosed in chancery court. Acts 1889, p. 280; Kirby's Digest, § 5420. Prior to this act Kirby's Digest, section 5416, was the only authority for sales under mortgages, and the act of 1899 did not interfere with the act of 1879 as amended in 1883, but undertook to provide for waiver of redemption. The act of 1899 takes nothing from the law as it stood and adds nothing thereto unless it be the rate of interest required by act of 1879 fixing an arbitrary rate of 10 per cent. to the rate borne by the decree on judgment. Kirby's Digest, § § 5416-5420. The waiver of redemption is binding on the mortgagor only when the mortgage is foreclosed in equity. 60 Ark. 513.

2. As to rents and profits, etc., the mortgagor cannot be improved out of his property. The mortgagee is

entitled to necessary repairs, but not to improvements. 52 Ark. 384; 55 *Id.* 375. The purchaser made the improvements at his own risk and expense. 40 Ark 275; 52 *Id.* 384. The mortgagor is entitled to the rents. 40 Ark. 275; 55 *Id.* 1; 65 *Id.* 129. The decree should be reversed, with directions to allow appellant to redeem and to ascertain the rights of the parties as to rents, improvements, taxes and insurance, etc. *Supra.*

*Abe Collins,* for appellee.

This case does not depend upon the construction of section 5420 of Kirby's Digest. The right of redemption was waived expressly in the mortgage. 1 L. R. A. 732; 40 N. W. 538. For example of waivers, see 90 Pac. 800; 103 Pac. 1073; 112 N. W. 220; 18 N. E. 223, etc.; 49 S. E. 392; 71 Pac. 218.

Kirby's Digest, § § 5416-17-18 and 19 do not apply to sales under decree of court. 60 Ark. 510. See also 63 *Id.* 355; 54 *Id.* 441; 53 *Id.* 69; 103 *Id.* 550.

The expression that the expression of one thing excludes the other does not apply here, and 20 Ark. 410, 38 *Id.* 205, and 45 Id. 527 are not in point. See 36 Cyc. 1122 i; 68 S. W. 105.

WOOD, J. This action was begun by the appellant against the appellees on November 21, 1917, in the chancery court of Sevier County, Arkansas, to redeem a certain tract of land in Sevier County which was sold on November 30, 1916, by foreclosure proceedings not in the chancery court but under the power contained in the mortgage.

The complaint alleged that the foreclosure was void but this allegation was abandoned, as the appellant did not follow it up with a prayer to set aside the sale nor with any proof to the effect that the conditions of the mortgage had been complied with by him.

The land was purchased by J. L. Bales, who paid therefor the sum of $500. The appellant tendered this sum with interest, and prayed that he be allowed to redeem and be allowed credit for the rental value of the

land for the time the purchaser had been in possession thereof.

The appellees answered, denying appellant's right of redemption and setting up that they had expressly waived such right, but asked that, in case the redemption were allowed, they be permitted to recover certain sums for necessary repairs, improvements, insurance, taxes, etc., all of which are specifically set forth in their answer.

The court found that appellant had made default under conditions of the mortgage, and that the foreclosure sale in all things was in strict compliance with the terms of the mortgage, and that under the terms of the mortgage appellant waived all rights of redemption. A decree was entered dismissing the complaint for want of equity, from which is this appeal.

The mortgage contained the following provision: "All rights of redemption provided for by the laws of the State of Arkansas are hereby waived by the mortgagor herein."

The act of March 17, 1879, section 1, p. 94, regulating the sale of property under mortgages provides: "Real property sold hereunder may be redeemed by the mortgagor at any time within one year from the sale thereof by payment of the amount for which such property is sold, together with interest thereon and cost of sale."

This section of the act of 1879 was amended in certain particulars, and among others giving the mortgagor, in any mortgage where the sole consideration of the mortgage is money loaned, the right to waive the privilege of redemption by a clause in the mortgage to that effect. Section 1 of the Acts of 1883, p. 157. This particular amendment to section 1 of the act of 1879 by section 1 of the act of 1883, *supra,* appears as section 4763 of Mansfield's Digest. That section was expressly repealed by the act of February 26, 1887.

These various acts regulating the sale of property under mortgages show that the Legislature had in mind the subject-matter of granting to mortgagors the right

of redemption from sales under mortgages, and finally left the law on the right to redeem to stand as it was originally enacted in section 1 of the act of 1879, *supra,* which is now digested as a part of section 5416, Kirby's Digest.

This court, in *Martin* v. *Ward,* 60 Ark. 510-12, held "that a sale under a mortgage or trust deed was a sale by virtue of a power of sale contained in such instrument." There is, therefore, no authority in the law for a waiver of the right of redemption from the sale made under power contained in the mortgage, which right of redemption is expressly given to the mortgagor by the statute regulating such sales.

Inasmuch as the Legislature has given the absolute right of redemption from sales under mortgage and has not provided that such right may be waived in the mortgage itself, it cannot be so waived.

The granting of such right, however, is peculiarly for the benefit of the mortgagor, and as to whether he could waive such right by contract and for a consideration separate and independent of the mortgage is not before us.

The sale from which redemption was sought was under the power contained in the mortgage. The statute, according to which such sales must be conducted, grants the right of redemption without providing for waiver. The history of this provision, *supra,* shows that the Legislature, by the express language of the act giving the right of redemption from the sale under the mortgage, intended to exclude the idea that there could be a waiver of such right in the same instrument. Because when the Legislature in 1887 expressly repealed the provision of the act of 1883 granting to mortgagors the right to waive the privilege of redemption, by a clause in the mortgage to that effect, in cases where the sole consideration of the mortgage was money loaned, it evinced a purpose not to allow a right of waiver at all in the mortgage instrument and to leave the act of 1879 in this respect as originally enacted. This result follows under the

familiar rule of *"expressio unius est exclusio alterius."*
*Watkins* v. *Wassell,* 20 Ark. 40.

A sale under a decree of court is not a sale under a
mortgage. *Martin* v. *Ward, supra; Johnson* v. *Meyer,*
54 Ark. 441. Therefore, the act of 1899 (section 5420,
Kirby's Digest), giving the right of redemption from
such sales by foreclosure of mortgages in the chancery
court and providing for a waiver of such right is not
applicable to the facts of this record since this was a
foreclosure under the power contained in the mortgage.

It follows that the court erred in holding that appel-
lant waived his right of redemption, and therefore had
no right to redeem from the sale.

The trial court, having decided that the appellant
had no right to redeem, did not pass upon the other
issues, and we have not done so.

For the error indicated the judgment is, therefore,
reversed and the cause will be remanded with directions
to allow the appellant to redeem, with permission, if the
parties so elect, to amend their pleadings and take fur-
ther proof concerning the issues of tender, rents, im-
provements, etc.; and have further proceedings accord-
ing to law and under the familiar rules of equity
in regard to tender as announced by this court in *Wood*
v. *Holland,* 53 Ark. 69; *Wood* v. *Holland,* 57 Ark. 198;
*Wood* v. *Holland,* 64 Ark. 105; *Danenhauer* v. *Dawson,*
65 Ark. 129, and upon the issue as to rents, improve-
ments, etc., as announced by this court in *Daily* v.
*Abbott,* 40 Ark. 275; *Robertson* v. *Read,* 52 Ark. 584;
*Harrell* v. *Stapleton,* 55 Ark. 1; *Reynolds* v. *Reynolds,*
55 Ark. 375; *Danenhauer* v. *Dawson, supra.*